IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WINDING CREEK DELAWARE, LLC, a Delaware Limited Liability Company; J.N.K., LLC, a Delaware Limited Liability Company; and TONY ASHBURN & SON, INC., a Delaware Corporation; each on their own behalf and on behalf of all others similarly situated,<br><br>      Petitioners,<br><br> v.<br><br>THE KENT COUNTY LEVY COURT, the governing body of Kent County, Delaware; P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD K. BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON, and RICHARD E. ENNIS, in their official capacities as members of the Kent County Levy Court,<br><br>      Respondents. | 1:08-CV-00236-SLR |

**RESPONDENTS' ANSWER TO THE *AMENDED PETITION*** 

   COMES NOW Respondents The Kent County Levy Court, P. Brooks Banta, Allan F. Angel, Harold K. Brode, Eric L. Buckson, Bradley S. Eaby, W.G. Edmanson and Richard E. Ennis (*hereinafter* collectively "Kent County" or "the Levy Court" unless otherwise disambiguated), by and through Counsel, and answers the *Petition for Injunctive Relief, Declaratory Judgment, and Other Relief* as follows, to wit, pursuant to Fed. R. Civ. P. 8(b)(3), unless specifically admitted hereinbelow, all allegations are generally and categorically denied, and otherwise:

## The Parties

1. The identity of the Petitioners are admitted upon information and belief as to subparagraphs (a) through (c).

2. The identity of Respondents are admitted.

## Basis of Jurisdiction

3. The averments stated within this paragraph state legal bases for jurisdiction within the Delaware Court of Chancery from which this matter was removed and, therefore, call for a conclusion of law to which no response is required. The bases for this Court's jurisdiction are stated within the *Notice of Removal* and are asserted to be 28 U.S.C. §§ 1343, 1441.

## Factual Background

### *Winding Creek*

4. Admitted upon information and belief.

5. It is admitted that the Winding Creek Property as described is zoned pursuant to Kent County Code Chapter 205 provisions as AR (Agricultural Residential). It is denied that the Kent County Comprehensive Plan "recommends" anything with respect to the Winding Creek Property.

6. It is admitted that Winding Creek has submitted, and received preliminary approvals for, certain subdivision plans.

7. Admitted.

8. Admitted.

### *JNK*

9. Admitted upon information and belief.

10. It is admitted that the JNK Property as described is zoned pursuant to Kent County Code Chapter 205 provisions as AC (Agricultural Conservation). It is denied that the Kent County Comprehensive Plan "recommends" anything with respect to the JNK Property.

11. It is admitted that JNK has filed a preliminary subdivision application with the Kent County Department of Planning.

12. Admitted.

13. Admitted.

### *Ashburn*

14. Admitted upon information and belief.

15. It is admitted that the Johnson Farm as described is zoned pursuant to Kent County Code Chapter 205 provisions as AC (Agricultural Conservation). It is denied that the Kent County Comprehensive Plan "recommends" anything with respect to the Johnson Farm.

16. Admitted.

17. Admitted.

18. It is admitted that the Ashburn Subdivision Application was denied by the Kent County Regional Planning Commission ("RPC"). It is admitted that the Levy Court affirmed the RPC's denial of the Ashburn Subdivision Application. It is admitted that the Delaware Superior Court affirmed the Levy Court's denial. It is admitted that Ashburn's appeal to the Delaware Supreme Court is pending argument and decision.

### *The County Introduces Ordinance #LC07-35 and Ordinance #LC08-04*

19. Admitted:

    (a) Admitted;

    (b) Admitted.

20.     Admitted.

*Fatal Defects in the Introduction of Ordinances #LC07-35 and Ordinance#LC08-04*

21.     It is denied that the title of Ordinance #LC07-35 as noticed "failed to accurately identify or describe the true import of the Ordinance." The terms of the amendments and their impact require interpretations of law to which no response is required. To the extent a further response is deemed necessary, as to subparagraphs (a) through (d), Ordinances ##LC07-25 and 08-04 were proposed Ordinances upon their introduction and at that time and had not been adopted by the Levy Court.

22.     It is admitted that introduction of Ordinance #LC08-04 was added to the Levy Court's February 26, 2008; and denied that the addition to the agenda constituted a violation of any law.

*The County Re-Introduces Ordinance #LC07-35*

23.     It is admitted that Ordinance #LC07-35 was re-introduced in order to correct the title, not the substance, which had been properly noticed for hearings but incorrectly read at the February 26, 2008, Levy Court meeting. Petitioners' characterizations are denied.

24.     The averments stated within this paragraph call for a conclusion of law to which no response is required. To the extent a response is deemed necessary, it is denied.

25.     It is admitted that Ordinance #LC07-35 when re-introduced was also re-titled. It is denied that any further lack of specificity desired by Petitioners was "critical".

26.     It is denied that the RPC public hearing on Ordinance #LC07-35 was "scheduled" at the time of its re-introduction.

27.     The averments stated within this paragraph call for a conclusion of law to which no response is required. To the extent a response is deemed necessary, it is denied.

### *The RPC Holds a Hearing upon Ordinance #LC07-35 and Ordinance #LC08-04*

28.    It is admitted that the RPC held public hearings on the Ordinances.

29.    The averments stated within this paragraph call for a conclusion of law to which no response is required.  To the extent a response is deemed necessary, it is denied.

30.    It is admitted that the RPC voted upon a motion to recommend approval of the Ordinances and that the Ordinances were thereafter forwarded to the Levy Court for its consideration without a majority recommendation from the RPC.

### *The Levy Court Adopts Ordinance #LC07-35 and Ordinance #LC08-04*

31.    It is admitted that the Levy Court held a public hearing on the Ordinances.

32.    It is admitted that upon the close of the public hearing, the Levy Court Commissioners discussed their options with respect to acting upon the Ordinances.

33.    It is admitted that the Commissioners were provided comments from Planning Staff concerning the Ordinances, and admitted that the Levy Court Commissioners had reviewed those Planning Staff comments.  It is admitted that the options provided within the Planning Staff comments provided to the Commissioners were discussed by the Commissioners at the conclusion of the public hearing, during the public meeting.  Commissioner Buckson's comments were that he had "talked to Staff" about the Ordinances and that "I will work for a compromise", and he proposed two "compromises" in the public forum.  Commissioner Angel, upon the conclusion of Commissioner Buckson's comments, stated that he agreed "a compromise would be in order".  It is admitted that Commissioner Banta stated that he had prepared a "final statement" that he decided not to use.

34. It is admitted that one or more Levy Court Commissioners individually sought legal advice from the County Attorney; it is denied that the Commissioners "began to engage in 'off the record' deliberations upon the substantive merits" of the Ordinances.

35. It is admitted that County Planning Director Keifer advised the Levy Court Commissioners that they had in front of them Staff comments; and admitted that Commissioner Brode made a motion to approve Ordinance #LC08-04, it was seconded, and passed by a vote of 5-2. It is admitted that none of the Commissioners articulated reasons for their vote.

36. Admitted.

37. It is denied that at the reconvened meeting on March 26, 2008, the Levy Court "re-opened the record of its consideration" of the Ordinances and admitted that upon the reconvening of the properly-recessed meeting from the evening before, the Levy Court Commissioners stated the reasons for their votes the previous evening. It is denied that any agenda amendment was required or that any re-notice of a properly noticed, held and recessed meeting was required, and it is noted that 29 *Del. C.* § 10004(e)(2) allows that agenda items may be considered out of sequence as the March 26, 2008, meeting was a continuation of the March 25, 2008, meeting.

## COUNT I

### ABSENCE OF ENABLING AUTHORITY

38. Kent County hereby incorporates by reference its responses to paragraphs 1 through 37, *supra*, as if fully restated herein.

39. Denied.

## COUNT II

## PREEMPTION

40. Kent County hereby incorporates by reference its responses to paragraphs 1 through 39, *supra*, as if fully restated herein.

41. The averments stated within this paragraph call for conclusions of law to which no response is required. To the extent a response is deemed necessary, it is admitted that the State Department of Natural Resources and Environmental Control ("DNREC") is the agency tasked by statute for the permitting of certain activities, including sewage treatment and disposal. It is denied that the DNREC's statutory grant of authority includes making land-use decisions concerning whether the activities for which a DNREC-issued permit is required may be conducted on lands within Kent County's jurisdiction.

42. Denied.

## COUNT III

## VIOLATION OF 9 DEL. C. § 4911

43. Kent County hereby incorporates by reference its responses to paragraphs 1 through 42, *supra*, as if fully restated herein.

44. The requirements of 9 *Del. C.* § 4911 concerning notice and hearing requirements are a matter of law to which no response from Kent County is required. To the extent a response is deemed necessary, it is admitted that notice by publication in a newspaper of general circulation within Kent County is required prior to Regional Planning Commission and Levy Court hearings on certain acts to be undertaken by ordinance and affecting certain changes to the Kent County Code affecting land use regulation.

45. Denied.

46. Denied.

47. Denied.

## COUNT IV

## VIOLATION OF 9 DEL. C. § 4110(i)(1)

48. Kent County hereby incorporates by reference its responses to paragraphs 1 through 47, *supra*, as if fully restated herein.

49. It is admitted that 9 *Del. C.* § 4110(i)(1) states in part as averred in this paragraph.

50. Denied.

51. Denied.

## COUNT V

## VIOLATION OF 9 DEL. C. § 4926

52. Kent County hereby incorporates by reference its responses to paragraphs 1 through 51, *supra*, as if fully restated herein.

53. It is admitted that 9 *Del. C.* § 4926 states in part as averred in this paragraph.

54. Denied.

55. It is denied that 9 *Del. C.* § 4926 is applicable in any manner to the Ordinances.

56. It is denied that 9 *Del. C.* § 4926 is applicable in any manner to the Ordinances.

57. It is denied that 9 *Del. C.* § 4926 is applicable in any manner to the Ordinances, and admitted that Kent County did not provide notice as required by 9 *Del. C.* § 4926.

58. Denied.

## COUNT VI

### VIOLATION OF KENT COUNTY CODE § 205-410

59. Kent County hereby incorporates by reference its responses to paragraphs 1 through 58, *supra*, as if fully restated herein.

60. It is denied that Kent County Code § 205-410 is applicable to the Ordinances.

61. It is denied that Kent County Code § 205-410 is applicable to the Ordinances; and it is admitted that Kent County did not post notice on any properties concerning the Ordinances.

62. Denied.

## COUNT VII

### ADOPTION OF THE ORDINANCES WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS THEREFORE ARBITRARY AND CAPRICIOUS

63. Kent County hereby incorporates by reference its responses to paragraphs 1 through 62, *supra*, as if fully restated herein.

64. Denied.

65. It is denied that the Levy Court Commissioners failed to articulate the reasons for their votes.

66. Denied.

## COUNT VIII

### ENACTMENT OF THE ORDINANCES EFFECTIVELY DENIES USES OTHERWISE PERMITTED UNDER THE KENT COUNTY ZONING ORDINANCE AND IS THEREFORE ARBITARY AND CAPRICIOUS

67. Kent County hereby incorporates by reference its responses to paragraphs 1 through 66, *supra*, as if fully restated herein.

68. Kent County lacks sufficient knowledge or information to admit or deny what Petitioners characterize as "first permitted uses". The Kent County Zoning Code describes "Uses", "Permitted Uses", "Conditional Uses" among its zoning regulations. To the extent a further response is deemed necessary, the averments stated within this paragraph are denied.

69. Denied.

## COUNT IX

## VIOLATIONS OF 29 DEL. C. § 10004(e)

70. Kent County hereby incorporates by reference its responses to paragraphs 1 through 69, *supra*, as if fully restated herein.

71. It is admitted that the introduction of Ordinance LC08-04 was added to the agenda, on 02/21/2008 following the 02/19/2008 Levy Court Committee meetings; however it is denied that the addition was a violation of any law, including 29 *Del. C.* § 10004(e) which requires publication of notice of the meeting which "shall include the agenda, <u>if such has been determined at the time</u>" and which additionally allows that "the agenda shall be subject to change to include additional items . . . which arise at the time of the public body's meeting."

72. Denied.

73. Denied.

74. Denied.

## COUNT X

## VESTED RIGHTS

75. Kent County hereby incorporates by reference its responses to paragraphs 1 through 74, *supra*, as if fully restated herein.

76. The averments stated within this paragraph are denied *in toto* to the extent that the averments claim that Petitioners' have acquired any cognizable "vested rights" in the development of their properties under the pre-existing Kent County Code provisions which were superceded by the Ordinances; and to the extent that Petitioners aver "unlawful" conduct by Kent County or that the Levy Court is required to "grandfather" any applications.

## COUNT XI

### UNCONSTITUTIONAL TAKING/INVERSE CONDEMNATION

77. Kent County hereby incorporates by reference its responses to paragraphs 1 through 76, *supra*, as if fully restated herein.

78. Denied.

79. Denied.

## COUNT XII

### VIOLATION OF PROCEDURAL DUE PROCESS

80. Kent County hereby incorporates by reference its responses to paragraphs 1 through 79, *supra*, as if fully restated herein.

81. Denied.

82. Denied.

## COUNT XIII

### VIOLATION OF SUBSTANTIVE DUE PROCESS

83. Kent County hereby incorporates by reference its responses to paragraphs 1 through 82, *supra*, as if fully restated herein.

84. Denied.

## COUNT XIV

## EQUITABLE ESTOPPEL

85. Kent County hereby incorporates by reference its responses to paragraphs 1 through 84, *supra*, as if fully restated herein.

86. Kent County lacks sufficient information or knowledge from which to either admit or deny Petitioners' characterization of "historically". It is denied that any action taken by the Levy Court when enacting any prior ordinance is binding upon the Levy Court's ability to make a determination in the exercise of its legislative discretion as to the applicability of ordinances it enacts. It is denied that sanitary sewer district approvals pursuant to Kent County Code Chapter 180 are sufficient bases to assert equitable estoppel relief to bar the Levy Court from adopting and enforcing new regulations.

87. Denied.

## COUNT XV

## LACK OF SCIENTIFIC STUDY

88. Kent County hereby incorporates by reference its responses to paragraphs 1 through 87, *supra*, as if fully restated herein.

89. Kent County lacks sufficient information to either admit or deny Petitioners' characterization of "any scientific inquiry or study whatsoever". To the extent a response is deemed necessary, it is denied that "scientific studies" are required prior to the Levy Court enacting land use regulations; and denied that the Levy Court made its decision without considerable input concerning the environmental impacts, including pros and cons, of community wastewater treatment systems and individual on-site septic systems.

90. Denied.

91. Denied.

92. Denied.

## COUNT XVI

## VIOLATION OF UNIFORMITY REQUIREMENT

93. Kent County hereby incorporates by reference its responses to paragraphs 1 through 92, *supra*, as if fully restated herein.

94. In full, 9 *Del. C.* § 4902(b) reads: "All such regulations shall be uniform for each class or kind of buildings throughout any district, but the regulations in 1 district may differ from those in other districts." Petitioners' characterization of § 4902(b) that "all land use regulations . . . must be 'uniform'" is, therefore, denied.

95. It is admitted that densities within and without the Growth Zone Overlay District vary, however the Delaware Supreme Court, affirming a Chancery Court decision, has previously ruled that such differences are not in violation of any law as the Growth Zone Overlay District was not challenged when enacted and is, therefore, subject to the Delaware statute of repose for land use regulation.

96. Denied.

## COUNT XVIII

## ATTORNEY'S FEES

97. Kent County hereby incorporates by reference its responses to paragraphs 1 through 96, *supra*, as if fully restated herein.

98. Causation is denied.

99. The averments stated within this paragraph call for a conclusion of law to which no response is required. To the extent a response is deemed necessary, the cited statutes make an

award of fees discretionary with the Court to the prevailing party, and Petitioners have yet to prevail. It is further denied that Petitioners are entitled to the relief sought within the "Wherefore" clause following.

### First Affirmative Defense

Petitioners fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Petitioners claims are barred in whole or in part by the doctrine of sovereign immunity.

### Third Affirmative Defense

Petitioners' claims are barred in whole or in part by the doctrine of governmental immunity.

### Fourth Affirmative Defense

Petitioners' claims are barred in whole or in part by the State, County and Municipal Tort Claims Acts, 10 *Del. C.* Ch. 40.

### Fifth Affirmative Defense

Respondents are entitled to Legislative Immunity.

### Sixth Affirmative Defense

Respondents are entitled to Qualified Immunity.

### Seventh Affirmative Defense

Respondents are entitled to immunity under the 11th Amendment to the United States Constitution for claims for compensatory damages.

### Eighth Affirmative Defense

Petitioners fail to state an "as-applied" Constitutional challenge.

WHEREFORE Respondents The Kent County Levy Court, and its Honorable Commissioners P. Brooks Banta, Allan F. Angel, Harold K. Brode, Eric L. Buckson, Bradley S. Eaby, W.G. Edmanson and Richard E. Ennis request this Honorable Court for judgment in their favor and against Petitioners as to all counts and claims, and with an award of Respondents attorneys fees and costs incurred in defending this action.

          MARSHALL DENNEHEY WARNER
                COLEMAN & GOGGIN

  */s/Joseph Scott Shannon*
Joseph Scott Shannon, Esquire (#3434)
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
Judith M. Kinney, Esquire (#3643)
tel.: 302.552.4377
e-mail: jmkinney@mdwcg.com

*Counsel for Respondents*

Dated: May 28, 2008

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WINDING CREEK DELAWARE, LLC, a Delaware Limited Liability Company; J.N.K., LLC, a Delaware Limited Liability Company; and TONY ASHBURN & SON, INC., a Delaware Corporation; each on their own behalf and on behalf of all others similarly situated,<br><br>      Petitioners,<br><br> v.<br><br>THE KENT COUNTY LEVY COURT, the governing body of Kent County, Delaware; P. BROOKS BANTA, ALLAN F. ANGEL, HAROLD K. BRODE, ERIC L. BUCKSON, BRADLEY S. EABY, W.G. EDMANSON, and RICHARD E. ENNIS, in their official capacities as members of the Kent County Levy Court,<br><br>      Respondents. | )<br>)<br>)<br>) 1:08-CV-00236-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

  Joseph Scott Shannon, Esquire, hereby certifies that on this 28th day of May, 2008, I caused the attached *Answer of Respondents to the Amended Petition* to be electronically filed with this Court, and served upon the below-listed individual:

> John W. Paradee, Esquire
> Kevin Baird, Esquire
> Prickett Jones and Elliott, P.A.
> 11 North State Street
> Dover, DE  19901

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

 */s/Joseph Scott Shannon*
Joseph Scott Shannon, Esquire (#3434)
tel.: 302.552.4329
e-mail: jsshannon@mdwcg.com
Judith M. Kinney, Esquire (#3643)
tel.: 302.552.4377
e-mail: jmkinney@mdwcg.com

*Counsel for Respondents*